IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br>1000 Massachusetts Ave. NW<br>Washington, D.C. 20001<br><br>      **Plaintiff,**<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff, CATO INSTITUTE, brings this Freedom of Information Act suit to force Defendant U.S. DEPARTMENT OF JUSTICE and its components to comply with Plaintiff's FOIA request for records referencing the May 31, 2020 memo from Acting DEA Administrator Timothy Shea to the Deputy Attorney General titled "Drug Enforcement Administration (DEA) Request for Temporary Designation of Non-Title 21 Authority Pursuant to 21 U.S.C. § 878(a)(5)" and other related records. In violation of the statute, Defendant has failed to issue a determination and has failed to produce the requested records for over 30 months.

## PARTIES

2. Plaintiff CATO INSTITUTE is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues. CATO INSTITUTE made the FOIA request at issue in this case.

3. Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552. The Drug Enforcement Administration, the Office of Information Policy and the Office of Legal Counsel are components of DOJ.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FOIA REQUESTS TO DOJ AND ITS COMPONENTS

**A. July 31, 2020 FOIA Request to DOJ's Drug Enforcement Administration ("DEA")**

6. On July 31, 2020, CATO INSTITUTE submitted a FOIA request to DEA for records "regarding the May 31, 2020 memo from Acting DEA Administrator Timothy Shea to the Deputy Attorney General titled *Drug Enforcement Administration (DEA) Request for Temporary Designation of Non-Title 21 Authority Pursuant to 21 U.S.C. § 878(a)(5)*." The time frame for the search is from January 1, 2020, to the date of the request. A true and correct copy of the FOIA Request is attached as Exhibit 1.

7. CATO INSTITUTE added that the responsive records include, but are not limited to, records "generated during the development of or response to the original DEA request" and records "regarding any extension, modification, or cancellation of the requested authority or other authorities requested by DEA or authorized by the Attorney General or his designee to conduct law enforcement operations outside the scope of 28 C.F.R. § 0.100 and the Controlled Substances Act—including covert surveillance (including any form of electronic or technical surveillance), intelligence sharing, making arrests, conducting investigations, interviews, or searches—under the Attorney General's authority per 21 U.S.C. § 878(a)(5)." *Id.*

8. CATO INSTITUTE sought expedited processing for the request.

9. On August 17, 2020, DEA acknowledged receipt of the request and assigned reference number 20-00599-F to the request. A true and correct copy of DEA's acknowledgement letter is attached as Exhibit 2.

10. DEA granted expedited processing for the request. *Id.*

11. DEA stated that the request falls within "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii). *Id.*

12. On two separate occasions—December 2, 2020, and February 1, 2021—DEA stated that it is "in the process of reviewing documents." A true and correct copy of DEA's letters are attached as Group Exhibit 3.

13. On January 18, 2022, DEA stated that the request "has been prioritized" and would make "every effort to provide a response" to CATO INSTITUTE by "April 18, 2022." A true and correct copy of the DEA's letter is attached as Exhibit 4.

14. On April 15, 2022, DEA claimed that it located "21 pages containing information furnished by other government agencies" and is "in the process of consulting with the agencies before granting access to the documents." A true and correct copy of DEA's letter is attached as Exhibit 5.

15. In that same letter, DEA stated that it identified "one page containing information that was furnished by another government agency" and referred the record to the agency for a direct response to CATO INSTITUTE. *Id.*

16. While DEA did not identify which agency received its referral for the one-page record, upon information and belief, DEA referred the request to DOJ's Office of Information and Policy ("OIP"). On August 29, 2022, OIP administratively closed the request associated with the

referral from the DEA as OIP is processing a related request it received directly from CATO INSTITUTE. A true and correct copy of OIP's letter is attached as Exhibit 6.

17. On April 7, 2023, CATO INSTITUTE sought an estimated date of completion for the 21 pages of records that are in consultation.

18. On April 7, 2023, DEA stated that it is "still waiting for a consultation response from two components within the Department of Justice." DEA claimed that "once the consultations are received," DEA would be "able to proceed with a final response" within an "estimated 30 business days." A true and correct copy of the email correspondence is attached as Exhibit 7.

**B. July 31, 2020 FOIA Request to DOJ's OIP**

19. On July 31, 2020, CATO INSTITUTE submitted a FOIA request to OIP for records "regarding the May 31, 2020 memo from Acting DEA Administrator Timothy Shea to the Deputy Attorney General titled *Drug Enforcement Administration (DEA) Request for Temporary Designation of Non-Title 21 Authority Pursuant to 21 U.S.C. § 878(a)(5)*." The time frame for the search is from January 1, 2020, to the date of the request. A true and correct copy of the FOIA Request, submitted via FOIA Star, is attached as Exhibit 8.

20. CATO INSTITUTE added that the responsive records include, but are not limited to, records "generated during the development of or response to the original DEA request," records "regarding any extension, modification, or cancellation of the requested authority or other authorities requested by DEA or authorized by the Attorney General or his designee to conduct law enforcement operations outside the scope of 28 C.F.R. § 0.100 and the Controlled Substances Act—including covert surveillance (including any form of electronic or technical surveillance), intelligence sharing, making arrests, conducting investigations, interviews, or searches—under the

Attorney General's authority per 21 U.S.C. § 878(a)(5)," and records "regarding any other designations of Justice Department components by the Attorney General per his authority under 21 U.S.C. § 878(a)(5). *Id.*

21. CATO INSTITUTE sought expedited processing for the request.

22. CATO INSTITUTE's FOIA Request was directed to the following additional DOJ components: Office of the Attorney General; Office of the Deputy Attorney General; Office of Legislative Affairs; Office of Public Affairs; and Office of Legal Policy. OIP maintains the initial request files of FOIA requests for records of these offices. *See* https://www.justice.gov/oip/oip-foia.

23. On August 10, 2020, OIP acknowledged receipt of the request and assigned reference number FOIA-2020-01806 to the request. A true and correct copy of the Acknowledgement Letter is attached as Exhibit 9.

24. In that same letter, OIP denied expedited processing for the request. *Id.*

25. OIP stated that the request falls within "unusual circumstances" under 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) and extended the time limit to respond to the request "beyond the ten additional days provided by the statute." *Id.*

26. On August 10, 2020, CATO INSTITUTE appealed OIP's denial of the expedited processing. A true and correct copy of the appeal is attached as Exhibit 10.

27. On August 12, 2020, OIP affirmed its action in denying the request for expedited treatment. A true and correct copy of the appeal adjudication letter is attached as Exhibit 11.

28. On February 3, 2022, after Parties spoke on the phone regarding the status of the request, OIP estimated "an additional six month[s]" for its work on the request. A true and correct copy of the correspondence is attached as Exhibit 12.

29. On April 7, 2023, CATO INSTITUTE sought an estimated date of completion.

30. On April 12, 2023, OIP stated that it "optimistically estimates" a response by "the end of September 2023." A true and correct copy of the email correspondence is attached as Exhibit 13.

**C. July 31, 2020 FOIA Request to DOJ's Office of Legal Counsel ("OLC")**

31. On July 31, 2020, CATO INSTITUTE submitted a FOIA request to OLC for the following: 1) "[r]ecords regarding the May 31, 2020 memo from Acting DEA Administrator Timothy Shea to the Deputy Attorney General titled *Drug Enforcement Administration (DEA) Request for Temporary Designation of Non-Title 21 Authority Pursuant to 21 U.S.C. § 878(a)(5)*, including records generated during the development of or response to the original DEA request"; 2) "[r]ecords "regarding any extension, modification, or cancellation of the requested authority or other authorities requested by DEA or authorized by the Attorney General or his designee to conduct law enforcement operations outside the scope of 28 C.F.R. § 0.100 and the Controlled Substances Act—including covert surveillance (including any form of electronic or technical surveillance), intelligence sharing, making arrests, conducting investigations, interviews, or searches—under the Attorney General's authority per 21 U.S.C. § 878(a)(5)"; and 3) "[r]ecords regarding any other designations of Justice Department components by the Attorney General per his authority under 21 U.S.C. § 878(a)(5)." The time frame for the search is from January 1, 2020, to the date of the request. A true and correct copy of the FOIA Request is attached as Exhibit 14.

32. CATO INSTITUTE sought expedited processing for the request. *Id.*

33. On August 14, 2020, OLC acknowledged receipt of the request and assigned reference number FY20-136 to the request. A true and correct copy of the acknowledgement letter is attached as Exhibit 15.

34.     In that same letter, OLC granted expedited processing for the request. *Id.*

35.     OLC also stated that it "likely will be unable to comply with the twenty-day statutory deadline for responding" to the request. *Id.*

36.     On April 7, 2023, CATO INSTITUTE sought an estimated date of completion. OLC never responded to the inquiry. A true and correct copy of the correspondence is attached as Exhibit 16.

37.     As of the date of this filing, DOJ and its components have not issued a determination for the three above-referenced requests, two of which were granted expedited processing.

38.     As of the date of this filing, DOJ has not complied with FOIA and has released no records responsive to the three above-referenced requests.

## COUNT I – JULY 31, 2020 FOIA REQUEST TO DEA, DOJ'S FOIA VIOLATION

39.     The above paragraphs are incorporated by reference.

40.     Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

41.     Defendant DOJ and its component DEA are federal agencies subject to FOIA.

42.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

43.     Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

44.     Defendant DOJ has failed to issue a complete determination within the statutory deadline.

45. Defendant DOJ has failed to produce all non-exempt records responsive to the request.

### COUNT II – JULY 31, 2020 FOIA REQUEST TO OIP
### DOJ'S FOIA VIOLATION

46. The above paragraphs are incorporated by reference.

47. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

48. Defendant DOJ and its component OIP are federal agencies subject to FOIA.

49. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

50. Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

51. Defendant DOJ has failed to issue a complete determination within the statutory deadline.

52. Defendant DOJ has failed to produce all non-exempt records responsive to the request.

### COUNT III – JULY 31, 2020 FOIA REQUEST TO OLC
### DOJ'S FOIA VIOLATION

53. The above paragraphs are incorporated by reference.

54. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

55. Defendant DOJ and its component OLC are federal agencies subject to FOIA.

56. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

57. Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

58. Defendant DOJ has failed to issue a complete determination within the statutory deadline.

59. Defendant DOJ has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, CATO INSTITUTE asks the Court to:

  i. declare that Defendant has violated FOIA;

  ii. order Defendant to conduct a reasonable search for records responsive to the requests;

  iii. order Defendant to issue a complete determination for all requests at issue in this case;

  iv. order Defendant produce all non-exempt records responsive to the requests or portions of records promptly;

  v. enjoin Defendant from withholding non-exempt public records under FOIA;

  vi. award CATO INSTITUTE attorneys' fees and costs; and

  vii. award any other relief the Court considers appropriate.

Dated: May 1, 2023

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

Attorney for Plaintiff,
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL 0037
Stephen Stich Match, Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607

312-243-5900
foia@loevy.com

- 10 -